**Carole C. SUSSEL, Plaintiff–Appellant,**

v.

**Michael WYNNE, in his official capacity as the Secretary of the Air Force, Defendant–Appellee,**

and

**Michael L. Dominguez, Attorney, in his official capacity as the Acting Secretary of the Air Force, Defendant.**

No. 07–15451.

United States Court of Appeals, Ninth Circuit.

Argued and submitted June 19, 2008.

Filed June 26, 2008.

Clayton C. Ikei, Esq., Law Office of Clayton C. Ikei, A Law Corporation, Honolulu, HI, for Plaintiff–Appellant.

Harry Yee, Office of the U.S. Attorney, Honolulu, HI, Melinda L. Greene, Esq., Employment Litigation Branch, Civil Division, Rosslyn, VA, for Defendant–Appellee.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

MEMORANDUM *

Carole C. Sussel, a former civilian employee of the Air Force, appeals the judgment following trial to a jury on her employment-discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, in favor of the Secretary of the Air Force, as well as the district court's denial of her motions for judgment as a matter of law and for a new trial. We affirm.

I

Sussel argues that the verdict was against the clear weight of the evidence as it related to Hollywood's credibility and bias. However, as the district court explained in detail, there is evidence to support the verdict. *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1459 (9th Cir. 1988) (noting standard that a party who fails to move for judgment as a matter of law at the close of evidence is entitled to judgment as a matter of law only if "there is an absolute absence of evidence to support the jury's verdict"), *vacated on other grounds,* 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989); *Landes Constr. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1371–72 (9th Cir.1987) (indicating standard for granting new trial); *Desrosiers v. Flight Int'l of Florida Inc.,* 156 F.3d 952, 957 (9th Cir.1998) (holding that denial of motion for new trial will be overturned only if there is a clear abuse of discretion). In any event, the jury specifically found that Sussel was not subjected to an adverse employment action. This finding is well-supported by the testimony of an independent witness.

II

The district court committed no reversible error in admitting letters into evidence that complained to Hollywood about Sussel. The court gave a limiting instruction that these letters could be considered only for their effect on Hollywood, not for their

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

truth. Also, the court limited consideration of letters dated after Hollywood detailed Sussel to the teen center to the effect, if any, they might have on later decisions by Hollywood. As the jury found no adverse employment action, receipt of these letters could not have been prejudicial.

### III

Assuming that Sussel preserved the point, the district court did not abuse its discretion in refusing to admit underlying witness statements and legal conclusions contained in Lt. Col. Cox's investigative report. The court understood that the conclusions and opinions *could* be admitted, *see Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 170, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988); *Gilbrook v. City of Westminster,* 177 F.3d 839, 858–59 (9th Cir.1999), and most were. Sussel offers no reason why those items that were not admitted would have had any effect on the verdict.

### IV

The court did not abuse its discretion in declining to give Sussel's proposed "mixed-motive" instruction. The court had discretion to conclude that the evidence at trial did not support giving such an instruction, *Costa v. Desert Palace, Inc.,* 299 F.3d 838, 858–59 (9th Cir.2002) (en banc), *aff'd,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); *see Galdamez v. Potter,* 415 F.3d 1015, 1021 (9th Cir.2005), and did not abuse it given Sussel's failure to show either that protected activity played any role in the decision to terminate her or that it was considered in the decision-making process.

AFFIRMED.